# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN D. FOGLE | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.: 18-cv-2062-JBM |
| | ) | |
| CHAMPAIGN COUNTY SHERIFF'S OFFICE, | ) ) | |
| Defendant. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, asserts a § 1983 claim against the Champaign County Sheriff's Office ("Sheriff's Office"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff, a pretrial detainee held at the Champaign County Jail, names the Sheriff's Office as the sole Defendant and alleges that in an eight-month period, four pieces of "legal mail" were opened outside of his presence. Plaintiff's § 1983 claim is reviewed under the First Amendment and the Due Process Clause of the Fourteenth Amendment. *Thornburgh v. Abbott*, 490 U.S. 401, 424-5, (1989) (the sender and recipient of personal correspondence has a First and Fourteenth Amendment protection "against unjustified governmental interference with the

1

intended communication. ...". While the First Amendment generally governs a prisoner's right to send and receive mail, the Fourteenth Amendment is invoked where a Plaintiff claims that the opening of his mail has affected his ability to defend or represent himself. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010) citing *Dreher v. Sielaff,* 636 F.2d 1141, 1143 (7th Cir.1980). "The Fourteenth Amendment guarantees meaningful access to courts, [and] ... the opportunity to communicate privately with an attorney is an important part of that meaningful access." *Guajardo-Palma* at 802.

Plaintiff asserts that four pieces of his "legal mail" were opened by the Jail's automated machine, outside of his presence. Two were letters from the Champaign County Clerk dated May 10, 2017, and June 1, 2017. Another was the January 20, 2018, correspondence from an attorney's office, forwarding Defendants' answer to the civil complaint Plaintiff had filed against them. The last was a letter Plaintiff had sent seeking counsel to represent him in the same civil matter. The letter had been returned by the post office for unidentified reasons, and opened by the automated mail system, prior to being delivered to Plaintiff.

## ANALYSIS

While prisoners have First and Fourteenth Amendment rights as to their mail, prison officials have the right to examine that mail to ensure that it does not contain contraband. *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005)(internal citations omitted). An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts. *Id.* at 686. "Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence." *Id*. (internal citations omitted). While legal mail is entitled to greater

2

protections, this is so only if it is privileged and concerns plaintiff's representation by counsel or request for representation. *Id*. at 685-86.

While Plaintiff claims that the two letters from the Champaign County Clerk were "legal mail," to be afforded greater protection, this is not so. The Illinois Administrative Code 525.140(d), specifically identifies mail from clerks of courts as "non-privileged mail." *See Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987) (no privacy considerations in mail from the court as these are public document which prison personnel could access by other means, if they wanted). The answer to the complaint forwarded by opposing counsel was also a public document, in which Plaintiff had no heightened privacy rights. *Guajardo-Palma* , 622 F.3d at 806 ("[b]ut as long as the prison confines itself to opening letters that either are public or if private still are not of a nature that would give the reader insights into the prisoner's legal strategy, the practice is harmless and may be justified…")

The Court finds that the letters from the Champaign County Clerk, and the answer to the complaint forwarded by defense counsel, were matters of public record to which jail personnel, and others, had allowed access. As a result, they were not "legal mail," required to be opened in Plaintiff's presence.

Plaintiff's letter seeking legal representation, however, may be characterized as legal mail. This letter was returned to Plaintiff opened but it is noteworthy that it was not opened when it was presented as outgoing mail, but only opened after being returned to the prison as incoming mail. This distinction is important as outgoing mail enjoys higher constitutional protections, as it does not present the same security concerns as incoming mail. *Koutnik v. Brown*, 396 F.Supp.2d 978, 984 (7th Cir. 2005). Furthermore, even though the letter was

3

opened, this was done by a machine. Plaintiff does not claim that that the letter was read by jail staff or was disclosed in a manner which caused him harm.

Here, Plaintiff identifies a single episode in which a letter he sent to an attorney was opened outside of his presence. *See Guajardo* at 805-806 (finding it "unlikely that isolated interferences with attorney-client communications in prisoner cases will block the prisoner's access to meaningful justice.") "[T]he Supreme Court made clear in *Weatherford v. Bursey,* 429 U.S. 545, 554-59, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977), that the interception of a criminal defendant's confidential communications with his lawyer is subject to harmless-error analysis; and this must be true, and is, in prisoners' civil litigation as well." *Guajardo* at 805-806. *See also, Kaufman*, 419 F.3d at 686. "The unjustified opening of mail from an attorney is actionable only if it has hindered an ongoing claim. To the extent Kaufman claims that the opening of his mail impeded his access to the courts, he offered no evidence that his ability to litigate any matter was affected by the defendants' actions."

Plaintiff has failed to allege that the opening of the letter affected his civil case or hindered his meaningful access to the courts. As a result, he fails to state a cognizable claim and his complaint is DISMISSED. He will be given an opportunity to replead, however, in the event that he is able to articulate an actionable claim.

**IT IS THEREFORE ORDERED:**

1) Plaintiffs' complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiffs shall have 30 days from the entry of this order in which to file a pleading designated as an Amended Complaint. It must contain all claims against all Defendants as piecemeal amendments are not accepted. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. If

4

Plaintiff does not wish to proceed in this matter, he is to inform the Court within 14 days. The matter will be dismissed without prejudice and Plaintiff will not be assessed the filing fee.

2) Plaintiff's motion for recruitment of *pro bono* counsel [4] is DENIED with leave to reassert if he files an amended complaint.

| | |
|---|---|
| _6/25/2018_ | s/Joe Billy McDade |
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |